# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| DIANA L. VANBUSKIRK,        ) | |
|                   ) | |
|     **Plaintiff,**       ) | |
|                   ) | |
|     **v.**              ) | **CAUSE NO. 1:10-CV-00360-SLC** |
|                   ) | |
| CAROLYN W. COLVIN,[1]     ) | |
| Acting Commissioner of Social Security,   ) | |
|                   ) | |
|     **Defendant.**     ) | |

## OPINION AND ORDER

Plaintiff Diana Vanbuskirk brought this suit to contest a denial of disability benefits by

Defendant Commissioner of Social Security ("Commissioner").  (DE 1).  On July 26, 2011, this

Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and

remanded the case for further proceedings.  (DE 24).

Vanbuskirk's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the

Court's authorization of attorney fees in the amount of $3,203 for his representation of

Vanbuskirk in federal court.  (DE 33).  The Commissioner does not object to the amount of

Shull's fee request, but asserts that it is untimely.  (DE 35).  For the reasons set forth herein,

Shull's motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On October 14, 2010, Shull entered into a contingent fee agreement with Vanbuskirk for

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social
Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013.  As such, under Federal Rule
of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue.

his representation of her in federal court.[2]  (DE 34-2).  The agreement provided that Shull would

"charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due

benefits which are awarded to [her] family and [her] in the event [her] case is won."  (DE 34-2).

On October 15, 2010, Vanbuskirk filed the instant action with this Court, appealing the

Commissioner's denial of her application for disability benefits.  (DE 1).  On July 26, 2011,

Vanbuskirk received a favorable judgment from this Court, and the case was remanded to the

Commissioner for further proceedings.  (DE 24).

On September 6, 2011, Vanbuskirk filed a request for attorney fees under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 19.85 hours that

Shull spent advocating her claim in federal court.  (DE 26).  Pursuant to a stipulation by the

parties, the Court granted Vanbuskirk an EAJA fee award of $3,000.  (DE 32).  The entire EAJA

fee award, however, was offset against Vanbuskirk's outstanding debt owed to the Government;

therefore, Shull did not receive any portion of the award.[3]  (DE 34 at 2; DE 34-3).

On January 30, 2013, the Commissioner sent a notice of award to Vanbuskirk, stating

that she was entitled to monthly disability benefits beginning September 2010, and past-due

benefits of $25,379 for September 2010 through December 2012.  (DE 34 at 1, 3).

Two years later, on February 5, 2015, Shull filed the instant motion, seeking the Court's

approval of a payment of $3,203 in attorney fees from Vanbuskirk pursuant to the contingent fee

agreement and § 406(b).  (DE 33).  As stated earlier, the Commissioner does not object to the

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] A different attorney represented Vanbuskirk at the administrative level, and thus, Shull was not eligible for a fee award under 42 U.S.C. § 406(a).  (DE 34 at 2; DE 34-1).

amount of the fee request, but asserts that it is untimely.  (DE 35).

### *B.  Legal Standard*

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht*, 535 U.S. at 793, 794.  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court.  *Id*.  Unlike fees obtained under the EAJA,[4] the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level.  42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).  There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a).  *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[5]  42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee.  *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."  *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

## C. Timeliness of the Fee Request

As a threshold matter, the Commissioner asserts that Shull's fee request is untimely because it was filed two years after the Commissioner issued the notice of award. Shull disagrees, emphasizing that he acted within the time period most recently prescribed by the Commissioner.

"The time limit for submitting § 406(b) motions is something of an unresolved issue." *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *1 (N.D. Ind. July 11, 2011). "Section 406(b) does not contain any such time limitation, so ordinarily Federal Rule of Civil Procedure 54(d) would govern, which provides that motions for attorneys' fees 'must be filed no later than 14 days after entry of judgment.'" *Id.* (quoting Fed. R. Civ. P. 54(d)(2)(B)(i)).

"Rule 54(d) is difficult to apply in the context of § 406(b), however, because it would mean requiring fee petitions to be filed within 14 days of entry of the district court judgment." *Id.*; *see also Bassett v. Astrue*, No. 09-3231, 2012 WL 295068, at *2 (C.D. Ill. Feb. 1, 2012). "This is an unworkable scenario when the case is remanded to the Commissioner since it will

4

almost always take longer than 14 days for the Commissioner to reach a decision and to issue [a notice of award] granting past-due benefits (from which any § 406(b) attorneys' fees would be derived)." *Cox*, 2011 WL 2692910, at *1; *see also Bassett*, 2012 WL 295068, at *2.

Accordingly, in *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987), the Seventh Circuit Court of Appeals concluded that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." Although this decision was rendered at a time when Rule 54 imposed no time limit apart from an implicit requirement of reasonableness, courts have continued to apply the "reasonable time" standard when considering § 406(b) requests. *See, e.g.*, *Bassett*, 2012 WL 295068, at *2 (citing *Smith*, 815 F.2d at 1156); *Cox*, 2011 WL 2692910, at *2 (citing *Smith*, 815 F.2d at 1156).

More particularly, in *Cox*, 2011, 2692910, at *2, the district judge considered a two-year interval between Shull's receipt of a notice of award and his filing of a § 406(b) request to be *per se* unreasonable, and thus, denied his fee request. In that instance, however, Shull failed to file a reply brief presenting reasons for his untimeliness. *Id.*

Here, however, Shull's reply brief includes a letter from the Commissioner dated January 18, 2015 (received by Shull on January 20, 2015), which states that it has been withholding $3,203—the balance of 25% of the past-due benefits payable to Vanbuskirk—since February 20, 2013. (DE 40-2). The letter indicates that it had previously notified Shull that a request for fees must be submitted to the Court, that the Commissioner does not wish to delay the release of funds withheld from Vanbuskirk's benefits, and that Shull had 20 days from the date of the letter to file a petition for approval of a fee or seek an extension of time. (DE 40-2).

Shull then filed his § 406(b) fee request with this Court on February 5, 2015, that is, within the time frame provided in the Commissioner's letter. As such, Shull argues that he "did

make a timely request as per communications from Social Security."  (DE 40).

Yet, Shull never explains why he did not promptly file the fee request after receiving the notice of award in January 2013; as a result, his attempt at establishing reasonableness is rather thin.  Nevertheless, it is also unclear why the Commissioner delayed so long in issuing a "20-day closeout letter," as it appears that such letters are typically issued within 60 days of the notice of award if no fee petition has been filed.  *See Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *2 (N.D. Cal. Nov. 21, 2008) (explaining that the 60-day closeout letter procedure is prescribed in the Commissioner's internal agency litigation manual, HALLEX).

Significantly, this is not a case where "money rightfully due the plaintiff" has been "needlessly withheld for an excessive amount of time."[6]  *Cox*, 2011 WL 2692910, at *2; *see Garland*, 492 F. Supp. 2d at 222 ("In deciding whether the instant application is timely, the court also considers the effect of the delay on plaintiff.").  There is no sum remaining after the $3,203 fee award, and thus, the delay has no effect on Vanbuskirk.[7]  *Cf. Scharlatt*, 2008 WL 5000531 (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits).  Likewise, the delay has not prejudiced the Commissioner or benefitted Shull.  *See id.* (considering the lack of prejudice to the Commissioner or benefit to the attorney when granting the delayed § 406(b) fee petition).

---

[6] "Given that the Commissioner withheld 25 percent of plaintiff's benefits pending the disposition of any attorneys' fee application, the delay by plaintiff's attorney in seeking an award of fees has direct relevance to plaintiff."  *Garland v. Astrue*, 492 F. Supp. 2d 216, 222 (E.D.N.Y. 2007).  A plaintiff "will receive any sum remaining after the fee award is deducted, so he has an economic stake in the outcome of this proceeding."  *Id.*

[7] Apparently, the Commissioner already paid $3,141.75 (rather than $5,300 as Shull suggests in his motion (DE 34 at 2)) in attorney fees under § 406(a) to the attorney representing Vanbuskirk in the administrative proceedings.

Furthermore, Shull never received any portion of the EAJA fee award because the entire amount went to offset Vanbuskirk's debt to the government. Accordingly, in this particular instance, the Court will not deny Shull's fee request as untimely. Shull is cautioned, however, that in the future the undersigned Magistrate may not be persuaded by Shull's reliance on the receipt of a close-out letter to show timeliness of a § 406(b) fee petition. *See*, *e.g.*, *id.* (granting the § 406(b) fee petition, but cautioning attorney not to rely in the future on the receipt of a close-out letter as the trigger to file).

### D.  The Amount of the Fee Request

Having found that the fee petition is not barred by untimeliness, the Court turns to its charge of determining whether Shull's requested fee of $3,203 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Vanbuskirk's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In that regard, the Commissioner's notice of award dated January 2013 reflects that it withheld $6,344.75, which was 25% of Vanbuskirk's past-due benefits of $25,379. (DE 34-1 at 3). In turn, the January 2015 closeout letter states that the Commissioner is still withholding $3,203, which it indicates is the remaining balance of the 25% of past-due benefits. (DE 40-2 at 1). Based on the Commissioner's letter, it is evident that the withheld amount that Shull requests, $3,203, does not exceed 25% of the $25,379 in past-due benefits awarded to Vanbuskirk.

Shull contends that an award of $3,203 is reasonable when considering the 19.85 hours he spent representing Vanbuskirk in federal court, the contingent nature of the fee, and the good result he achieved for her. Indeed, "there is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs

7

rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)).

Furthermore, Shull did indeed obtain a good result for Vanbuskirk and undoubtedly provided her with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (DE 34-4 (describing in detail Shull's professional experience in the area of social security law)).

Moreover, the requested fee of $3,203 divided by the 19.85 hours Shull spent on the case in federal court, equates to an effective rate of just $161.36 per hour. This rate is well below the effective rate in previous awards in the Fort Wayne Division.[8] *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).

Accordingly, Shull's requested fee of $3,203 under § 406(b) will be authorized by this

---

[8] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), certain aspects of a lodestar approach remain in the calculus. 535 U.S. at 802, 808. As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[C]ourts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

Court.[9]

### E. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to

42 U.S.C. § 406(b) in the amount of $3,203 (DE 33) is GRANTED.

SO ORDERED.

Enter for this 28th day of May, 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge

---

[9] Because Shull never received any portion of the EAJA award from Vanbuskirk, there is no need to offset the EAJA award from the § 406(b) award. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (acknowledging that "[t]he uncodified clause of the EAJA requires an attorney that '*receives fees for the same work* under both' the EAJA and the Social Security Act to refund the smaller amount to the claimant[,]" but emphasizing that "the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same work" (citations omitted)); *see also Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009).